## IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC; AND
ELIZON MASTER PARTICIPATION
TRUST I, U.S. BANK TRUST
NATIONAL ASSOCIATION, AS
OWNER TRUSTEE,
Appellants,
vs.
BEST RE INVESTMENTS, LLC,
Respondent.

No. 74289

**FILED**

MAR 17 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment and a motion to dismiss and post-judgment order granting a motion to alter or amend and awarding costs in an action to quiet title. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.[1]

Below, the district court concluded that the foreclosure sale extinguished appellants' interest in the deed of trust on the subject property because the sale was properly conducted; the sale was commercially reasonable; appellants did not establish a genuine issue of material fact as to tender; and that respondent, the purchaser of the property at the foreclosure sale, was a bona fide purchaser. Reviewing de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm. To the extent appellants challenge the district court's conclusions based on their assertion that the homeowner made payments that cured the default on the superpriority portion of the lien before the foreclosure sale, we will

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

not address those arguments because they were not properly raised before the district court.[2] *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (stating that failure to raise a point in the district court waives it and prevents this court from considering it on appeal). Appellants' only other argument is that the sale was commercially unreasonable based on a low purchase price and unfairness in the form of the property's governing covenants, conditions, and restrictions providing that any HOA foreclosure would not affect the first deed of trust. *See Nationstar Mortg., LLC v. Saticoy Bay, LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 741, 405 P.3d 641, 643 (2017) (providing that a court may set aside a foreclosure sale on equitable grounds when there is a low purchase price coupled with a showing of fraud, unfairness, or oppression). Assuming the purchase price was inadequate, we have previously held that mortgage savings clauses protecting first deeds of trust are void and unenforceable under NRS 116.1104, *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 418-19 (2014), such that the district court correctly refused to grant equitable relief on this basis. We therefore affirm the district court's

---

[2]While appellants raised the homeowner-payment argument in their briefing on post-judgment motions, the district court declined to consider the argument at that time because it was not based on newly discovered evidence, but rather based on evidence available when the parties moved for summary judgment. *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 582, 245 P.3d 1190, 1193 (2010) (recognizing newly-discovered evidence as a proper ground for amending a judgment); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment . . . ."). Appellants make no cogent argument challenging this decision and we therefore affirm it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not supported by cogent argument).

grant of summary judgment. And, because we affirm the grant of summary judgment, we also affirm the award of costs to respondent Best Re Investments as appellants do not challenge that award aside from arguing it should be vacated if this court were to reverse the grant of summary judgment.[3]

It is so ORDERED.

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , J.
Silver

cc:    Hon. Linda Marie Bell, Chief Judge
      Akerman LLP/Las Vegas
      The Law Office of Mike Beede, PLLC
      Eighth District Court Clerk

---

[3]Appellants' opening brief also challenges the dismissal of their wrongful foreclosure and unjust enrichment claims against the HOA, but they failed to serve their brief on the HOA. In response to this court's request for clarification regarding the proper respondents to this appeal due to this failure, appellants agreed to voluntarily dismiss the HOA. *See Nationstar Mortg., LLC v. Best Re Invs., LLC*, Docket No. 74289 (Response to Order to Clarify Designation of Respondents on Appeal, Jan. 30, 2020). Accordingly, we do not address appellants' arguments against the HOA further.